## NOT DESIGNATED FOR PUBLICATION

Hon. Terry Wayne Lambright
District Attorney, 30th JDC
P. O. Box 1188
Leesville LA 71496

William R. Thornton
ADA 30TH JDC
P. O. Box 1188
Leesville LA 71496

> Judgment on rehearing rendered and mailed to all parties or counsel of record on December 20, 2023

**REHEARING ACTION: December 20, 2023**

**Docket Number: 23   00438-KW**

**STATE OF LOUISIANA**
**VERSUS**
**CRAIG ANDERSON, JR.**

**Writ Application from Vernon Parish Case No. 90,420 C**

**BEFORE JUDGES:**

    **Hon. Candyce G. Perret**
    **Hon. Jonathan W. Perry**
    **Hon. Ledricka J. Thierry**

As counsel of record in the captioned case, you are hereby notified that the ruling on

the application for rehearing filed by the **State of Louisiana** is:

**APPLICATION FOR REHEARING GRANTED; RELIEF DENIED.** *See* Uniform Rules—Courts of Appeal, Rule 2-18.7.  The State seeks rehearing based upon arguments that Defendant's second application for post-conviction relief and the claims contained therein, which this court reviewed in *State v. Anderson*, 23-438 (La.App. 3 Cir. 10/6/23) (unpublished opinion), were repetitive, successive, and untimely filed.

1

Defendant's second application for post-conviction relief was not repetitive under La.Code Crim.P. art. 930.4(A) because probation revocation is not an issue that can be fully litigated in an appeal from the proceedings leading to judgment of conviction and sentence. Defendant's second application for post-conviction relief was not repetitive under La.Code Crim.P. art. 930.4(B) because probation revocation is not an issue that can be raised in the proceedings leading to conviction. Defendant's second application for post-conviction relief was not repetitive under La.Code Crim.P. art. 930.4(C) because there is no appeal from probation revocations. Thus, Defendant's second application for post-conviction relief was not repetitive.

Defendant's second application for post-conviction relief was not deniable as successive under La.Code Crim.P. art. 930.4(D) because it raised new or different claims from those raised in the first petition. Defendant's second application for post-conviction relief was not deniable as successive under La.Code Crim.P. art. 930.4(E) because it was procedurally improper for the defense to argue probation revocation claims in the first petition for post-conviction relief. Defendant filed his first application for post-conviction relief with the trial court in August 2021, and the trial court conducted the post-conviction relief hearing in September 2021, which was prior to the ruling in *State v. Broussard*, 21-1470 (La. 1/12/22), 330 So.3d 306. In *Broussard*, the supreme court judicially redefined "application for post conviction relief" as established by the legislature La.Code Crim.P. art. 924 and judicially altered the grounds for post-conviction relief set forth by the legislature in La.Code Crim.P. art. 930.3, to include challenges to probation revocations. *Broussard*, 330 So.3d at 306. Thus, Defendant's second application for post-conviction relief was not successive.

Defendant's second application for post-conviction relief also was not deniable as untimely filed under La.Code Crim.P. art. 930.8. In addition to expanding the scope of post-conviction relief, the *Broussard* court judicially altered the La.Code Crim.P. art. 930.8 time limitation insofar as to allow challenges to probation revocations up until two years from the date of revocation. *Broussard*, 330 So.3d at 306. As such, Defendant's second application for post-conviction relief was timely filed.

Therefore, the State's claims that this court should have denied Defendant's writ application in KW23-438 based upon the second application being repetitive, successive, and untimely filed are without merit. Accordingly, this court, having granted review of the State's application for rehearing, denies relief upon finding the claims contained therein to be without merit.

cc: Jane Hogan, Counsel for the Applicant